## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHANA COLE,

       *Plaintiff,*

  vs.

                         Case No. 17-cv-01308-EFM-TJJ

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       *Defendant.*

## MEMORANDUM AND ORDER

       Plaintiff Shana Cole brought a claim in state court against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") alleging breach of contract and a violation of a Kansas state insurance statute.[1]  State Farm removed the case to this Court on the basis of diversity jurisdiction.  Before the Court is State Farm's Amended Motion to Dismiss (Doc. 25).  State Farm is not currently seeking to dismiss Cole's breach of contract claims, only her claim under K.S.A. § 40-2404.  Plaintiff has not filed a response; thus, State Farm's motion is unopposed.  Because K.S.A. § 40-2404 does not create a private cause of action, the Court grants State Farm's motion.

---

[1] K.S.A. § 40-2404(9).

## I.    Factual and Procedural Background

On August 24, 2015, Cole was rear-ended by another driver while she was stopped at a traffic light.  The other driver's insurance policy covered only $25,000 of liability, while Cole's injuries and damages allegedly far exceed that amount.  Cole filed a claim with her insurance company, State Farm, to pay for her damages under her underinsured motorist coverage.  State Farm refused.

Cole filed a complaint against the other driver in state court.  The parties subsequently agreed to dismiss the other driver, and Cole filed a First Amended Petition, naming State Farm as the defendant.[2]  State Farm removed the action to this Court on December 13, 2017, and filed its Amended Motion to Dismiss on April 5, 2018.[3]  Cole failed to file a response, and the deadline to do so has passed.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[4]  Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[5]  A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged

---

[2] Her First Amended Petition contained an error.  Cole filed a Second Amended Petition, correcting this error.  Other than that one correction, the two petitions are identical.

[3] State Farm filed its Amended Motion to Dismiss to correct two errors in the Motion to Dismiss (Doc. 23) that it filed on March 30, 2018.  Because the current motion is a duplicate of the first motion, aside from the two corrections, the first motion is denied as moot.

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

-2-

misconduct.[6]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[7] Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[8]  Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[9]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] '[has] not nudged [her] claims across the line from conceivable to plausible.' "[10]

## III.    Analysis

State Farm argues that Cole cannot state a claim based on K.S.A. § 40-2404(9).  That statute sets out a number of prohibited practices in the insurance industry, including unfair claim settlement practices.  The statutory scheme devised by the Kansas legislature vests enforcement power in the Commissioner of Insurance for the state.[11]  It does not provide for a private cause of action to recover damages beyond those attributable to breach of contract.[12]

---

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[7] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[8] *Iqbal*, 556 U.S. at 678-79.

[9] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citing *Twombly*, 550 U.S. at 556).

[10] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[11] K.S.A. § 40-2407(a).

[12] *Earth Scientists (Petro Servs.) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1470 (D. Kan. 1985).

The court in *Earth Scientists* clearly decided this issue.  Cole has not offered any authority to the contrary.  "[T]he aggrieved insured has only two remedies to pursue—[s]he may file suit for breach of the insurance contract and/or [s]he may report the insurer to the Insurance Commissioner who may proceed under the [Kansas Uniform Trade Practices] Act."[13]

**IT IS THEREFORE ORDERED** that State Farm's Amended Motion to Dismiss (Doc. 25) is hereby **GRANTED**.  State Farm's Motion to Dismiss (Doc. 23) is hereby **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2018.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *Id.* (citing *Spencer v. Aetna Life & Cas. Ins. Co.*, 227 Kan. 914, 611 P.2d 149 (1980)).